UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

HELEN STAMPS                                                                                     PLAINTIFF

V.                                                         CIVIL ACTION NO. 2:04CV204LTS-JMR

FRED'S, INC.                                                                                      DEFENDANT

## MEMORANDUM OPINION

This is an action for personal injuries. Plaintiff Helen Stamps (Stamps) has alleged that she was injured when she slipped and fell while shopping at Defendant Fred's Inc.'s (Fred's) store in Prentiss, Mississippi. Stamps has alleged that she slipped in a liquid substance on the floor in one of the shopping aisles. Stamps testified that when she entered the store and began shopping she saw a Fred's employee on a ladder restocking the store's shelves. She heard something fall to the floor and called to the employee on the ladder to alert her to the fact that something had fallen. A short time later Stamps slipped and sustained an injury. It is not clear to me from reading the excerpts of Stamps' testimony submitted in connection with this motion, where Stamps was standing when she called out to the Fred's employee, whether the Fred's employee heard her, and just how much time elapsed during this entire sequence of events.

The Court has before it Defendant Fred's, Inc.'s, (Fred's) motion for summary judgment. In order to prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. In evaluating the merits of a motion for summary judgment, the Court is required to resolve all disputed issues of fact in favor of the non-moving party, and the Court is required to grant the non-moving party all reasonable inferences that these facts will support.

Stamps' claim against Fred's is based on her allegations of negligence. Stamps contends that the Fred's employee who was restocking the shelves knocked something off one of the shelves and thereby created the hazard that led to Stamps' fall. Apparently, Fred's does not deny this, but Fred's contends that this unidentified employee was in the process of going for a paper towel to clean up the hazard in question at the time of Stamps' injury. There is no evidence in the record concerning how much time elapsed during this sequence of events. It is Fred's position that these circumstances cannot, as a matter of law, constitute actionable negligence.

It is obvious to me that the ultimate issue of whether Fred's employee was negligent depends on the resolution of a number of disputed issue of facts. The evidence in the record before me is simply insufficient to allow me to determine how much time elapsed between the creation of the hazard and the time of Stamps' injury. Neither can I ascertain where Stamps was at the time she heard the sound of something falling to the floor nor where that location is relative to the spot of Stamps' alleged injury.

The only testimony I have before me is an excerpt from Stamps' deposition testimony. This evidence is simply insufficient to support a conclusive finding that the Fred's employee acted prudently. Perhaps a reasonably prudent employee would have called for assistance in cleaning up the spill or in watching over the spill until it could be cleaned up. Of course, in the context of ruling on a motion for summary judgment, I am obliged to grant Stamps' all reasonable inferences favorable to her cause of action, and I express no opinion on the merits of Stamps' claim.

Based on the facts in the record before me, I am unable to conclude that Fred's has met its burden of proving that there is no genuine issue of fact to be tried in this case. Accordingly, Fred's motion for summary judgment will be and is hereby **DENIED**.

**SO ORDERED** this 19th day of July, 2005.

s/ *L. T. Senter, Jr.*
**L. T. Senter, Jr.**
**Senior Judge**